IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KERI E.,[1]   No. 6:20-cv-01678-HZ

        Plaintiff,   OPINION & ORDER

   v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Kevin Kerr
Kerr Robichaux & Carroll
P.O. Box 14490
Portland, OR 97293

   Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 – OPINION & ORDER

Katherine B. Watson
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

     This matter comes before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b). ECF 20.

     For the reasons that follow, the Court grants Plaintiff's Motion and awards Plaintiff's counsel $23,600 in attorney fees less the Court's award of $2,514.38 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

## BACKGROUND

     Plaintiff filed an application for Disability Insurance Benefits ("DIB") in 2016. The application was denied initially and on reconsideration. On July 31, 2019, the ALJ issued a decision in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. On July 24, 2020, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

     Plaintiff appealed the denial of benefits to this Court and on August 18, 2021, the parties filed a Stipulated Motion for Remand in which they moved to remand this matter to the ALJ for further administrative proceedings. On August 18, 2021, the Court entered an Order granting the parties' Stipulated Motion for Remand and remanding the matter to the ALJ for further proceedings.

     On November 18, 2021, the Court granted Plaintiff's Stipulated Motion for Attorney Fees and awarded Plaintiff's counsel $2,514.38 in attorney fees pursuant to EAJA.

On remand Plaintiff received a "fully favorable" decision and was awarded back benefits in the amount of $115,356. Pl.'s Mot. for Attorney Fees, Ex. 3 at 1-2. Accordingly, Plaintiff filed a Motion for Attorney Fees under § 406(b) in which Plaintiff's counsel requests $23,600 in attorney fees.

## STANDARDS

An attorney who represents a Social Security claimant in court may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant, payable "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A).

"A district court charged with determining a reasonable fee award under § 406(b) must respect . . . 'lawful attorney-client fee agreements . . . looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009)(quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "[T]he court[, however,] may . . . reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

## DISCUSSION

**I.     Attorney Fee Agreement**

On September 2, 2020, Plaintiff entered into a contingent-fee agreement with counsel in which Plaintiff agreed to pay "the greater of 25% of any past-due benefits or such amounts as are awarded to my attorney pursuant to [EAJA]." Pl.'s Mot. for Attorney Fees, Ex. 1 at 1. This type of contingency-fee agreement for 25 percent of past-due benefits awarded is "characteristic" of Social Security benefit cases and does not exceed the statutory standard. *See Gisbrecht*, 535 U.S. at 807.

3 – OPINION & ORDER

**II.    Reasonableness of Attorney Fees Requested**

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Requested fees may be reduced for reasons such as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. No single factor is dispositive. *Gisbrecht*, 535 U.S. at 807. The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." *Id*.

Plaintiff's counsel requests fees for 11.8 hours of attorney time in the amount of $23,600, which is 20.45 percent of Plaintiff's past-due benefits. Plaintiff's counsel was able to secure an award of past-due benefits for Plaintiff through litigation at the federal district-court level after Plaintiff had sought and been denied benefits by an ALJ and that decision had been upheld by the Appeals Council. The Court finds Plaintiff's counsel provided competent, capable representation that successfully secured over $115,000 in past-due benefits for Plaintiff. Moreover, the record reflects counsel did not cause any undue delay of Plaintiff's claim.

The Court notes the contingency fee in this case would yield an hourly rate of $2,000 under the lodestar calculation. The Ninth Circuit, however, explained in *Crawford* that "[l]odestar fees will generally be much less than contingent fees because the lodestar method tends to under-compensate attorneys for the risk[s] they undertook in representing their clients." 586 F.3d at 1150. These include "the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id*. at 1152. "Given the deferential standard of review, [social security] cases are hard to win." *Reddick*, 2019 WL 2330895, at *2. Nevertheless, the government asserts in its Response that the requested fee amount would be a windfall to counsel. The government relies on *Soriano v. Saul*, in which the Ninth Circuit

affirmed the district court's reduction of attorney fees from $20,000 in requested fees to $15,000 on the grounds of the small number of hours expended (13.1 attorney hours and 4.6 paralegal hours), and the relatively simple legal issues and medical record. 831 F. App'x, 844, 844-45 (9th Cir. 2020). The government also points to *Robles v. Berryhill*, in which the court concluded $20,000 in attorney fees was "excessively large" in comparison to the hours spent on the case. No. 5:16-cv- 02318-GJS, 2019 WL 1581411, at *2 (C.D. Cal. Jan 16, 2019). In *Robles* the plaintiff's counsel sought $20,000 in attorney fees for 13.7 attorney hours and 3.9 paralegal hours. *Id.*

Plaintiff's counsel asserts the requested fee amount is not unprecedented and that counsel assumed significant risk in accepting this case, including "the risk that no benefits would be awarded." *Crawford*, 586 F.3d at 1152. In addition, judges in this district and other district courts in the Ninth Circuit have found similar awards did not constitute windfalls. For example, in *Jennifer R. v. Comm'r*, the court found an award of $17,406 in attorney fees was not a windfall when counsel spent 11 hours on the case on the grounds that "counsel provided competent, capable representation that successfully secured over $69,000 in past-due benefits for Plaintiff"; counsel "did not cause any undue delay of Plaintiff's claim"; and the fees were not excessive in light of the past-due benefits obtained. No. 3:19-CV-01821-BR, 2022 WL 278785, at *3 (D. Or. Jan. 31, 2022). Similarly, in *Schultz v. Berryhill* the court found an award of $18,000 in attorney fees was not a windfall when counsel spent 11.1 hours on the case on the grounds that "counsel obtained a favorable result in the form of a remand and subsequent award of substantial past benefits[,] [t]here [was] no evidence counsel caused any delay to increase the contingent amount[, and] the fees [were] not excessively large in relation to the past-due benefits obtained for the claimant." No. 2:19-CV-00096-BNW, 2021 WL 1381128, at *2 (D. Nev. Apr. 9, 2021).

5 – OPINION & ORDER

In *Escamilla v. Saul* the court found attorney fees of $30,000 for 11.2 hours of attorney time and 3.45 hours of paralegal time was not a windfall. No. 17-CV-01621-BAS-JMA, 2020 WL 5064321, at *3 (S.D. Cal. Aug. 27, 2020). The court noted although $30,000 resulted in a high effective hourly rate, the court did "not want to penalize counsel for being efficient" and that counsel "chose to bear the risk of non-payment in the event that the appeal was unsuccessful," accordingly "consideration of the hourly rate [was] not particularly helpful." *Id. See also Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving an attorney fee award with an effective hourly rate of $1990); *Palos v. Colvin*, No. CV 15- 04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016)(approving attorney fees with an effective hourly rate of $1,546.39); *Daniel v. Astrue*, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009)(approving attorney fees with an effective hourly rate of $1,491.25).

In light of the circumstances of this case, the fact that counsel seeks less than 25 precent of the benefits awarded, and that there is not any evidence of substandard performance or delay by counsel, the Court concludes the requested attorney fees are not excessively large particularly in relation to the past-due benefits obtained for Plaintiff. Accordingly, the Court concludes Plaintiff's requested attorney fees of $23,600 are reasonable.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), ECF 20, and AWARDS Plaintiff's counsel $23,600 in attorney fees less the Court's award of

$2,514.38 in EAJA fees.

IT IS SO ORDERED.

DATED: _____May 5, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

7 – OPINION & ORDER